Mr. Robert D. Sale Lynn Haven City Attorney Post Office Drawer 1579 Panama City, Florida 32401
Dear Mr. Sale:
You ask substantially the following questions:
1. May a municipal police department record incoming calls on its published, non-emergency telephone line when such calls are answered by a trained dispatcher?
2. If so, may the dispatcher transfer such a call to an employee of the police department and continue to record it?
3. May an employee record an outgoing call made in reference to the recorded incoming call, if the outgoing call is made on the same line on which the incoming call was received?
In sum:
1. A municipal police department may record an incoming call on a published, non-emergency telephone line if the call is received by a trained dispatcher in the course of accepting the call at a public safety answering point for emergency assistance.
2. There is no authority to record a call that is made to a non-emergency telephone number and subsequently transferred to an employee of the police department, unless the caller is asked whether the call may be recorded and the caller gives prior consent.
3. An outgoing call may be recorded only when it is made to the telephone number from which an emergency assistance request call was made in order to obtain information required to provide the emergency services being requested or when a called party gives permission for a call to be recorded.
As your questions are interrelated, they will be answered together.
Section 934.03, Florida Statutes, provides:
"Except as otherwise specifically provided in this chapter, any person who ... [i]ntentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept any wire, oral, or electronic communication ... is guilty of a felony of the third degree."[1]
An exception to the general prohibition against intercepting wire communications is provided in section 934.03(2)(g), Florida Statutes, for specific law enforcement purposes. Under this paragraph:
"It is lawful under ss. 934.03—934.09 for an employee of:
1. An ambulance service licensed pursuant to s. 401.25, a fire station employing firefighters as defined by s. 633.30, a public utility as defined by ss. 365.01 and 366.02, a law enforcement agency as defined bys. 934.02(10), or any other entity with published emergency telephonenumbers; 2. An agency operating an emergency telephone number "911" system established pursuant to s. 365.171; or 3. The central abuse hotline operated pursuant to s. 39.201, to intercept and record incoming wire communications; however, such employee may intercept and recordincoming wire communications on designated "911" telephone numbers andpublished nonemergency telephone numbers staffed by trained dispatchers atpublic safety answering points only. It is also lawful for such employee to intercept and record outgoing wire communications to the numbers from which such incoming wire communications were placed when necessary to obtain information required to provide the emergency services being requested." (e.s.)
There is no question that a municipal police department is a "law enforcement agency" for purposes of this statute.[2] Thus, the plain language of the statute authorizes a law enforcement agency to intercept and record incoming calls to designated "911" numbers and to published non-emergency telephone numbers staffed by trained dispatchers at public safety answering points only. The only outgoing calls that may be intercepted and recorded are those made to the number from which an incoming call was made and only "when necessary to obtain information required to provide the emergency services being requested."
The language allowing calls to be recorded if they are to a published non-emergency telephone number staffed by trained dispatchers at public safety points was added to section 934.03, Florida Statutes, during the 2000 legislative session.[3] Prior to its amendment, section934.03(2)(g), Florida Statutes, allowed the interception and recording of calls on "published emergency telephone numbers only."[4]
The legislative history of Senate Bill 2252, amending section 934.03(2)(g), Florida Statutes, does not address the basis for allowing the interception and recording of calls to non-emergency numbers under the specified circumstances.[5] An examination of the legislative history of a bill proposed by the House of Representatives containing identical language to that passed in Senate Bill 2252, however, offers some insight.[6] The staff analysis expresses the need to record calls originally received on an emergency line but forwarded to a non-emergency number that, under the existing law, could not have been recorded even though the non-emergency number was staffed by trained dispatchers.[7]
Thus, extending the authority to intercept and record calls to non-emergency numbers appears to have been a practical remedy to situations where a request for emergency assistance is either received on or transferred to a published, non-emergency number staffed by a trained dispatcher at a public safety answering point.
The term "public safety answering point" is not defined for purposes of section 934.03(2)(g), Florida Statutes. "Answering points," however, are an integral part of the "911" emergency response system.[8] For purposes of the "911" system, an "[a]nswering point" means "the public safety agency that receives incoming 911 calls and dispatches appropriate public safety agencies to respond to such calls."[9]
There is no evidence that the Legislature intended to allow the interception and recording of all calls that are received by a law enforcement agency on its published, non-emergency number. Rather, only those calls received on designated "911" numbers or by trained dispatchers at public safety points may be intercepted and recorded. As a penal statute, Chapter 934, Florida Statutes, must be narrowly construed such that the enumeration of limited exceptions to its coverage may be inferred to mean that no other exceptions were intended.[10]
This office recently addressed whether incoming calls to the State Attorney's Office could be intercepted and recorded with or without notice to the caller that the call may be recorded for security reasons. In Attorney General Opinion 2002-05, it was concluded that unless the State Attorney's office was intercepting and recording calls to published emergency telephone numbers as provided in section 934.03(2)(g), Florida Statutes, or pursuant to a court order obtained under sections 934.07 and934.09, Florida Statutes, that office was not authorized to record incoming calls either with or without notice to the caller that the conversation was being recorded. It was specifically noted that unless the State Attorney's office maintained a published emergency number at the judicial center in which the office operated, the recording of incoming calls at that facility would not be authorized under Chapter 934, Florida Statutes.
Another exception to the general prohibition against intercepting wire communications is when all parties to the communication have given prior consent.[11] Thus, in this instance, when a call is transferred to another employee of the police department, the caller may be asked if he or she would agree to have the call recorded. Likewise, permission may be requested for the recording of outgoing calls.
Accordingly, it is my opinion that section 934.03(2)(g), Florida Statutes, authorizes the interception and recording of telephone calls to published, non-emergency numbers only if the call is received by a trained dispatcher in the course of accepting the call at a public safety answering point for emergency assistance. Calls transferred from non-emergency telephone numbers to an employee of the police department who is not a trained dispatcher staffing the public safety answering point may not be intercepted and recorded, unless the caller has given prior consent to have the call recorded. Only calls to telephone numbers from which an emergency assistance request originated may be recorded, when made to obtain information required to provide the emergency services being requested. Otherwise, prior permission must be obtained from all parties before a telephone call may be recorded.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, ss. 934.03(1)(a) and (4), Fla. Stat.
[2] Section 934.02(10), Fla. Stat., defines "[l]aw enforcement agency" as:
"an agency of the State of Florida or a political subdivision thereof ... if the primary responsibility of the agency is the prevention and detection of crime or the enforcement of the penal, traffic, or highway laws of this state and if its agents and officers are empowered by law to conduct criminal investigations and to make arrests."
[3] Section 7, Ch. 2000-369, Laws of Florida.
[4] See, s. 934.03(2)(g), Fla. Stat. (1999).
[5] See, Senate Staff Analysis and Economic Impact Statement, SB 2252, April 22, 2000.
[6] See, Committee Substitute for House Bill 1123, Florida House of Representatives, 2000 Legislative Session.
[7] See, House of Representatives Committee on Law Enforcement and Crime Prevention Analysis, CS/HB 1123, March 23, 2000.
[8] See, ss. 365.171 and 365.172, Fla. Stat.
[9] Section 365.172(3)(a), Fla. Stat.
[10] Under the rule "expressio unius est exclusio alterius," a statute enumerating the things upon which it operates is ordinarily to be construed as excluding from its operation those things not expressly mentioned. Thayer v. State, 335 So.2d 815 (Fla. 1976); Ideal FarmsDrainage District v. Certain Lands, 19 So.2d 234 (Fla. 1944). And see,Copeland v. State, 435 So.2d 842 (Fla.2d DCA 1983), pet. for rev. den.,443 So.2d 980 (Fla. 1983), concluding that portions of the Security of Communications Act authorizing interception of wire or oral communications are statutory exceptions to federal and state constitutional rights of privacy and must be strictly construed.
[11] See, s. 934.03(2)(d), Fla. Stat.